UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

URSULA JONES,

    Plaintiff,                                    CIVIL ACTION NO. 05-CV-71292-DT

  v.                                          DISTRICT JUDGE AVERN COHN
                                                 MAGISTRATE JUDGE DONALD A. SCHEER

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
  _____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial evidence on the record that claimant retained the residual functional capacity for a limited range of light work providing a sit-stand option.

\* \* \*

Plaintiff filed applications for Social Security Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits on August 13, 2001, alleging that she had been disabled and unable to work since September 25, 2000, at age 40, due to carpal tunnel syndrome, back pain and mental depression. Benefits were denied, initially and upon reconsideration, by the Social Security Administration (SSA). A requested de novo hearing was held on November 18, 2003, before Administrative Law Judge (ALJ) Douglas Jones. The ALJ subsequently found that the claimant was not entitled to disability benefits because she retained the ability to perform a restricted range of light work

providing a sit-stand option, and requiring only occasional stooping, crouching, kneeling, crawling and stair climbing. The Law Judge limited the claimant to simple jobs that did not require extended periods of concentration, close supervision or adhering to detailed job instructions. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 43 years old at the time of the administrative hearing (TR 248). She had been graduated from high school, and had been employed as a adult care worker, cashier, stock clerk and manicurist (TR 77, 104, 248, 267-268). As an adult care worker, she was required to be on her feet for most of the workday. She constantly had to handle, grip and manipulate large and small objects. She had to lift up to 20 pounds on a regular basis (TR 78-82). Claimant quit her job as a adult care worker in September 2000, when her employer refused to give her additional work hours (TR 249). Plaintiff testified that she became disabled after September 25, 2000, due to constant pain in her neck, arms, hands and legs (TR 264). As a result of her joint pain, the claimant allegedly needed the help of family members to perform household chores (TR 261). Pain medications provided only temporary relief, and she needed to rest several times a day in order to help alleviate her pain symptoms (TR 261). Plaintiff estimated that she could sit for an hour and stand for perhaps 30 minutes at one time (TR 262). She doubted she could lift more than a gallon of milk due to severe right hand pain (TR 262). Claimant added that she had a poor memory, and was unable to concentrate for extended periods of time (TR 265). Periodic

migraine headaches allegedly forced her to lie down for up to three hours at a time (TR 266).

A Vocational Expert, Stephanee Leach, classified Plaintiff's past work as sedentary to light, unskilled activity (TR 104, 268). The witness testified that there would not be any jobs for claimant to perform if her testimony were fully accepted[1] (TR 279). If she were capable of light work, however, there were numerous assembly, packaging, inspection and sorting jobs that she could still perform with minimal vocational adjustment (TR 275).

These simple jobs provided a sit-stand option, and required only occasional stooping, crouching, kneeling, crawling and stair climbing.  They did not require extended periods of concentration, close supervision or adhering to detailed job instructions (TR 276-277).

LAW JUDGE'S DETERMINATION

The Administrative Law Judge found that Plaintiff was impaired as a result of bilateral carpal tunnel syndrome, degenerative disc disease, frontal headaches, complex pain syndrome and an adjustment disorder with depressed mood, but that she did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. The ALJ recognized that claimant's mood disorder prevented her from working at jobs requiring extended periods of concentration, close supervision or adhering to detailed job instructions.  The Law Judge found that Ms. Jones retained the residual functional capacity to perform a significant number of light jobs, within those limitations, as identified by the Vocational Expert.

---

[1] The witness testified that claimant's alleged need to lie down several times a day would preclude all work activity (TR 279).

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if even substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

In the instant case, Plaintiff maintains she is disabled as a result of an inability to maintain concentration, persistence and pace for extended periods of time. The law is clear, however, that the mere existence of an impairment, even a severe one, will not entitle the claimant to disability benefits unless the impairment prevents her from returning to her previous work or any other substantial, gainful activity existing in the national

economy, considering her age, education and work experience. 42 U.S.C. § 423(d)(2)(A), 20 C.F.R. § 416.1505 (2005).

DISCUSSION AND ANALYSIS

Plaintiff challenges the ALJ's decision solely on the ground that the hypothetical question to the vocational expert was defective because it did not accurately portray claimant's functional limitations caused by her depressed mood disorder. Specifically, Plaintiff contends that the ALJ's hypothetical question did not adequately reflect the Law Judge's own finding that she had moderate limitations in her ability to maintain concentration, persistence and pace for extended periods of time.

Contrary to Plaintiff's assertion, the ALJ did, in fact, incorporate into the hypothetical question his determinations that the claimant was limited in her ability to concentrate for more than 5 minutes and that she was unable to follow detailed job instructions (TR 274). The ALJ also stated that the claimant could perform only simple tasks, and was unable to tolerate more than occasional interaction with the public, co-workers and supervisors (TR 274). The light jobs identified by the VE did not require following detailed instructions, maintaining intricate concentration or being subject to close supervision (TR 276-277). The Sixth Circuit recently held that hypothetical questions to experts are not required to included lists of claimant's medical conditions. Webb v. Commissioner, 368 F.3d 629, 633 (6th Cir. 2004). Under these circumstances, the ALJ's hypothetical question accurately portrayed Plaintiff's impairments.

The claimant's depression was no doubt exacerbated by her joint pain. The pain apparently improved with the help of medications to the point of no longer being

disabling[2]. The medical evidence also failed to show that the claimant has suffered any episodes of decompensation as a result of her mood disorder. Dr. Margaret Cappone, the claimant's treating psychologist, reported in November 2001, that the claimant was cooperative and friendly, was in good contact with reality, and had normal motor activity. Plaintiff was said to have good self-esteem, and she got along well with others. Dr. Cappone noted that the claimant was only mildly anxious, and was able to perform simple memory tests (TR 149-150). The treating psychologist added that Plaintiff did not suffer from any hallucinations, delusions, obsessions or suicidal ideations (TR 149).

When evaluating Plaintiff's residual mental functional capacity, the Law Judge also took into consideration the opinion of a state agency psychologist, who concluded that the claimant could perform simple tasks on a sustained basis[3] (TR 127-129). Moreover, the types of unskilled jobs identified by the Vocational Expert (assembly, sorting and packaging) would not cause a great deal of stress. These entry level jobs did not involve dealing with the public, co-workers or supervisors (TR 274). The Law Judge properly found that the degree of limitation for each of the four B criteria was only moderate and not severe. As a result, Plaintiff did not meet the requirements of the Listing of Impairments.

It is the rare case, the exception, in which every piece of evidence points incontrovertibly towards a decision to deny benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled and that her

---

[2]Contrary to Plaintiff's assertion, there was no medical corroboration that side effects from pain medications required her to nap in order to relieve chronic fatigue and dizziness.

[3]Under the regulations, ALJs "must consider findings of State agency medical and psychological consultants," but ALJs "are not bound by any findings made by State agency medical or psychological consultants." 20 C.F.R. § 404.1527(f)(2)(I) (2005).

testimony was fully credible. However, special deference is owed to the credibility findings of the ALJ, who was the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said and how it was said, and to consider how that testimony fit in with the rest of the medical evidence. Such observation is invaluable and should not be discarded lightly. Beavers v. Secretary, 577 F.2d 383 (6th Cir. 1978). See also Williamson v. Secretary, 796 F.2d 146, 150 (6th Cir. 1986).

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the

opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limits are extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                        s/Donald A. Scheer
                                        DONALD A. SCHEER
                                        UNITED STATES MAGISTRATE JUDGE

DATED: October 26, 2005

_____

### CERTIFICATE OF SERVICE

     I hereby certify on October 26, 2005 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.  I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on October 26, 2005.  **None.**

                                        s/Michael E. Lang
                                        Deputy Clerk to
                                        Magistrate Judge Donald A. Scheer
                                        (313) 234-5217